UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM CRENSHAW,

                              Plaintiff,

                                                <u>DECISION AND ORDER</u>

                                                10-CV-6207L

                              v.

JOHN SCIANDRA,
A. ANNUNZIATA,
D. WACHOWIAK,
D. UNGER,
ALBERT PRACK,
KAREN BELLAMY,
MARK STEVENS,

                              Defendants.
_____

Plaintiff, William Crenshaw, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights have been violated in a number of respects in connection with certain incidents that occurred in 2009, while plaintiff was confined at Wyoming Correctional Facility. Plaintiff has sued seven defendants, each of whom was a DOCS employee at the time of the relevant events. All of the defendants, with the exception of defendant John Sciandra, have moved for summary judgment dismissing the claims against them, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, defendants' motion is granted.

**BACKGROUND**

On December 17, 2009, plaintiff filed a grievance against Correction Officer John Sciandra, complaining that Sciandra "continuously turns the T.V. to hockey for two hours at a time." Dkt. #15

at 9. Plaintiff alleges that afterwards, Sciandra began "threatening [his] life by telling other inmates to get rid of [plaintiff] in the dorm," because of plaintiff's complaints about the television. Complaint at 6, ¶ 1. Plaintiff also alleges that on January 11, 2010, he wrote another grievance against Sciandra, concerning these same matters, after Sciandra had turned off a basketball game that plaintiff had been watching, and put on a hockey game instead.

Plaintiff's December 17 grievance was denied by Wyoming Superintendent David Unger. On appeal to the Central Office Review Committee ("CORC"), CORC Director Karen Bellamy upheld Unger's decision. Dkt. #15 Ex. A. As to plaintiff's second purported grievance, Bellamy informed him by letter dated January 29, 2010 that plaintiff had improperly submitted the grievance in the form of a letter to DOCS Commissioner Brian Fischer, and that the grievance was therefore being returned to him. Dkt. #23 at 3.

It appears that plaintiff, who had since been transferred to a different facility, sent additional correspondence to DOCS officials concerning his grievances. The details of what became of these grievances, or purported grievances, is not particularly important here, however, because it is clear that the grievances were not granted, and because plaintiff's claims in the instant case center primarily on plaintiff's claims concerning the disciplinary charges against him.

On January 15, 2010, Sciandra issued a misbehavior report against plaintiff, charging him with a number of infractions, including harassment, refusing a direct order, and refusing a search or frisk. Dkt. #15 Ex. B, at 19. On that same day, defendant A. Annunziata also issued a misbehavior report against plaintiff, charging him with loss of state property, specifically a razor. *Id.* at 23.

A disciplinary hearing was held on January 21 and 22, 2010, before hearing officer Diane Wachowiak, concerning the charges that had been filed against plaintiff by defendants Sciandra and Annunziata. Plaintiff was found guilty on all the charges, and sentenced to 120 days of confinement

in the Special Housing Unit ("SHU"). It appears from plaintiff's disciplinary record, however, that he only served 94 days in SHU. *See* Dkt. #15 Ex. E, at 66.[1]

Plaintiff filed the complaint in this action on April 9, 2010. He asserts claims for "retaliation, and conspiracy to retaliate, deliberate indifference and due process," under the First, Eighth and Fourteenth Amendments to the United States Constitution. Besides Sciandra, the defendants include: C.O. Annunziata; hearing officer Wachowiak; Superintendent Unger; IGP Director Bellamy, Albert Prack; who at the time of the relevant events was the acting director of the Special Housing/Inmate Disciplinary Program; and Mark Stevens, a DOCS employee who had been assigned to assist plaintiff in connection with his disciplinary hearing.

## DISCUSSION

### I. Summary Judgment

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the materials facts ... . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

Where, as here, the parties opposing summary judgment are proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir. 1999). Nevertheless,

---

[1] While it is not clear why plaintiff only served 94 days in SHU, it appears that he was transferred to a different facility at around the time of his release from SHU. *See* Dkt. #15 Ex. E at 66; Dkt. #23 at 8 ¶ 7.

"proceeding *pro se* does not otherwise relieve [an opposing party] from the usual requirements of summary judgment." *Fitzpatrick v. New York Cornell Hosp.*, No. 00 Civ. 8594, 2003 WL 102853 at *5 (S.D.N.Y.2003). Those requirements include the obligation not to rest upon mere conclusory allegations or denials, but instead to set forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984); *Wesolowski v. Kamas*, 590 F.Supp.2d 431, 433-34 (W.D.N.Y. 2008), *aff'd*, 2011 WL 477583 (2d Cir. 2011).

## II. Annunziata

Plaintiff alleges that Annunziata retaliated against plaintiff, and conspired with Sciandra to retaliate against plaintiff, because of plaintiff's prior grievances against Sciandra. Plaintiff bases this claim on Annunziata's issuance of a misbehavior report against plaintiff on January 15, 2010, the same day that Sciandra issued a misbehavior report against him.

Viewing the record in the light most favorable to plaintiff, I find this claim to be without merit. Aside from Annunziata's issuance of the misbehavior report, there is no evidence of any retaliatory animus on Annunziata's part. The Second Circuit has cautioned district courts to approach prisoner claims of retaliation "with skepticism and particular care," *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), because of the ease with which such claims are fabricated. Indeed, "virtually any adverse action taken against a prisoner by a prison official–even those otherwise not rising to the level of a constitutional violation–can be characterized as a constitutionally proscribed retaliatory act." *Id. See also Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (observing that "[r]etaliation claims by prisoners are 'prone to abuse' since prisoners can claim retaliation for every decision they dislike") (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

In the case at bar, plaintiff has offered nothing beyond his own unsubstantiated opinion that the charge filed by Annunziata (of which plaintiff was found guilty) was retaliatory. There is no evidence that Annunziata was involved in any of the other underlying events, and no evidence that

he conspired with Sciandra. "Conclusory allegations that a defendant conspired to violate a plaintiff's civil rights are not sufficient to make out a § 1985 claim." *Zulu v. Botta*, 613 F.Supp.2d 391, 393 (W.D.N.Y. 2009) (citing *Walker v. Jastremski*, 430 F.3d 560, 564 n. 5 (2d Cir. 2005), *cert. denied*, 547 U.S. 1101 (2006)) (additional citations omitted).

**III. Wachowiak**

Plaintiff alleges that defendant Wachowiak denied him due process at the disciplinary hearing by failing to allow him to question the grievance supervisor about plaintiff's alleged filing of his second grievance against Sciandra shortly before the hearing. *See* Complaint ¶¶ 12-14.

Because plaintiff spent a "relatively brief" period of 94 days in SHU, his due process rights are not implicated, absent a showing that the conditions of his confinement were unusually severe. *See Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir.); *Pettus v. McGinnis*, 533 F.Supp.2d 337, 341 (W.D.N.Y. 2008). There is no evidence that the conditions of plaintiff's SHU confinement were particularly severe or atypical, and his claim against Wachowiak is subject to dismissal for that reason alone.

In addition, there is no evidence that plaintiff's due process rights were violated. It is well established that a prison hearing officer has discretion to exclude witnesses, testimony, or other evidence that the officer reasonably regards as duplicative or non-probative. *See Randolph v. Simmons*, ___ F.Supp.2d ___, 2010 WL 4823670, at 2 (W.D.N.Y. 2010) (citing cases). I have reviewed the transcript of plaintiff's hearing, and find no abuse of discretion by Wachowiak in that regard.

**IV. Prack**

Plaintiff's claim against defendant Prack is based on his affirmance of Wachowiak's findings following the disciplinary hearing. *See* Dkt. #15 at 18. Since I find no constitutional violation with respect to Wachowiak, there is no basis for a claim against Prack. *See Randolph*, ___ F.Supp.2d at ___, 2010 WL 4823670, at *4 ("since plaintiff's rights were not violated in connection with the

hearing, there is no basis upon which to impose liability upon Selsky, based upon his affirmance of [the hearing officer's] decision").

## V. Unger and Bellamy

Plaintiff's claims against Unger and Bellamy are based on their denial of his grievances against Sciandra. While the law in this circuit remains unclear concerning whether the denial of a grievance, standing alone, is sufficient to establish a defendant's personal involvement in an alleged § 1983 violation, *compare Hatzfeld v. Eagen*, No. 9:08-CV-283, 2010 WL 5579883, at *5 (N.D.N.Y. Dec. 10, 2010) ("Merely denying a prisoner's grievance is insufficient to establish personal involvement") (internal quotation marks omitted), *with Atkinson v. Selsky*, 03 Civ. 7759, 2004 U.S. Dist. LEXIS 20560, at *2-4 (S.D.N.Y. Oct. 15, 2004) (denial of grievance sufficient for personal involvement), there is in any event no basis for a claim here against Unger or Bellamy. The record shows that Unger assigned a sergeant to investigate plaintiff's grievance, and relied on the sergeant's report, and that Bellamy in turn relied on the record before her. Their decisions appear to have been reasonable. Furthermore, the substance of plaintiff's grievance concerning which sporting event was on television did not implicate any constitutional concerns, and I see no constitutional violation here.

## VI. Stevens

Plaintiff alleges that defendant Stevens, who was assigned to assist him at plaintiff's disciplinary hearing, failed to provide him with adequate assistance.

Although a prisoner does have a right to assistance in preparing for a prison disciplinary hearing, "the scope of DOCS's obligation in this regard is significantly limited, and ... an inmate's right to assistance in connection with a disciplinary hearing-which arises under the Due Process Clause of the Fourteenth Amendment ... falls far short of the right to counsel that the Sixth Amendment guarantees to criminal defendants." *Loving v. Selsky*, No. 07-CV-6393, 2009 WL 87452, at *2 (W.D.N.Y. 2009). In addition, "any violations of this qualified right are reviewed for 'harmless error.'" *Pilgrim v. Luther*, 571 F.3d 201, 206 (2d Cir. 2009) (quoting *Eng v. Coughlin*, 858 F.2d 889, 897, 898 (2d Cir. 1988), *and Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir. 1991)).

As stated, given the relatively brief duration of plaintiff's confinement in SHU, his due process rights are not implicated with respect to the outcome of the hearing. In addition, even assuming *arguendo* that plaintiff was not provided with adequate assistance by Stevens, there is no basis in the record upon which a factfinder could conclude that plaintiff was prejudiced as a result. Plaintiff complains that Stevens did not obtain certain documents for him, but plaintiff brought that matter to the attention of the hearing officer, who held that the documents were inadmissible. *See* Dkt. #15 Ex C, at 10-11. There is, then, no evidence in the record that would support a finding that the outcome of the hearing was in any way affected by Stevens's alleged nonfeasance.

**VII. Plaintiff's Motions**

Prior to defendants' appearance in this action, plaintiff filed a motion for entry of default against the defendants. There is no basis for entry of a default here, and the motion is denied.

Plaintiff has also moved for appointment of counsel. That motion is denied without prejudice.

**CONCLUSION**

The motion for summary judgment filed by defendants Annunziata, Wachowiak, Unger, Prack, Bellamy, and Stevens (Dkt. #10) is granted, and plaintiff's claims against those defendants are dismissed.

Plaintiff's motions for entry of default (Dkt. #7) and for appointment of counsel (Dkt. #28) are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 22, 2011.