**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

WILLIAM CRENSHAW,

        Plaintiff,
  v.                           **DECISION AND ORDER**
                                          10-CV-6207
JOHN SCIANDRA, et al.,

        Defendant.
_____

**Preliminary Statement**

*Pro se* plaintiff brings the instant action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. See Complaint (Docket # 1). By Order of Judge David G. Larimer, dated October 14, 2010, all pretrial motions excluding dispositive motions have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket # 18). Currently pending before the Court is plaintiff's motion to file a supplement to the Complaint (Docket # 43).

**Discussion**

With the instant motion to supplement, plaintiff seeks to add a new cause of action to the Complaint, namely an "obstruction of justice" claim under Sarbanes-Oxley provision 18 U.S.C. § 1503 against defendants Sciandra and Annunziata. (Docket # 43). Section 1503 is a federal criminal statute which makes it unlawful for a person to "corruptly or by threats or force, or by any threatening letter or communication, influence[], obstruct[], or impede[], or endeavor[] to influence, obstruct, or impede, the due administration of justice." 18 U.S.C. § 1503(a). This criminal statute does not

provide for a private right of action and, as a result, plaintiff would be unable to establish the defendants' liability on this proposed claim as a matter of law.  See Zahl v. Kosovsky, No. 08 Civ. 8308, 2011 WL 779784, at *10 (S.D.N.Y. Mar. 3, 2011)(no private right of action under 18 U.S.C. § 1503); Peavey v. Holder, 657 F. Supp. 2d 180, 190 (D.D.C. 2009)(18 U.S.C. § 1503 is a "federal criminal obstruction of justice statute[]" which does "not create private causes of action").  Accordingly, since plaintiff's proposed claim would be futile, the Court hereby Orders that plaintiff's motion to supplement (Docket # 43) is **denied.**

Dispositive motions are currently pending before Judge Larimer (Dockets ## 61, 62) and Judge Larimer has stayed the remaining scheduling order deadlines pending the Court's decision on defendant's motion to dismiss (Docket # 61).  See Order (Docket # 69).  Plaintiff is advised that he should not file any further motions until Judge Larimer has decided the defendant's motion to dismiss.

## Conclusion

Plaintiff's motion to supplement (Docket # 43) is **denied.**

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 4, 2012
Rochester, New York

2