UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM CRENSHAW,

                                    Plaintiff,

                                                                       <u>DECISION AND ORDER</u>

                                                                         10-CV-6207L

                                 v.

JOHN SCIANDRA,

                                   Defendant.
_____

Plaintiff William Crenshaw, appearing *pro se*, commenced this lawsuit under 42 U.S.C. § 1983. Plaintiff is an inmate in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), and defendant, who at all relevant times was a DOCCS employee, has moved for an order dismissing the complaint, or in the alternative, revoking plaintiff's *in forma pauperis* ("IFP") status, based on plaintiff's failure to disclose his litigation history as required by 28 U.S.C. § 1915(g).[1]

Defendant's motion is granted. The relevant statute, § 1915(g), provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"Clearly, the Court may revoke a prisoner plaintiff's IFP status if it determines that he is in violation of the three strikes provision." *Gssime v. Burge*, No. 08-CV-6404, 2013 WL 443852, at *2

---

[1] In addition to Sciandra, plaintiff originally sued seven other defendants. The Court granted summary judgment dismissing the claim against those defendants on February 22, 2011. Sciandra is the sole remaining defendant.

(W.D.N.Y. Feb. 5, 2013) (citing *Harris v. City of New York*, 607 F.3d 18 (2d Cir. 2010), and *Collazo v. Pagano*, 656 F.3d 131, 133–134 (2d Cir. 2011)).

The form complaint that plaintiff used in this case includes the question, "Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?" Dkt. #1 at 4 (boldface in original). The form also stated, "NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*" *Id.* (emphasis in original).

Plaintiff identified one such lawsuit, *Crenshaw v. Korbur*, 09-CV-6167, which is currently pending in this district. Plaintiff neglected to mention several other lawsuits that he has filed in this district, however. Most notably, he failed to mention *Crenshaw v. Green*, 09-CV-6138, and *Crenshaw v. Monroe County Jail*, 97-CV-6456. Both those actions were dismissed by this Court, *sua sponte*. *See Green*, Dkt. #3; *Monroe County Jail*, Dkt. #3. Plaintiff filed an appeal in both cases. His appeal in *Green* was dismissed by the Court of Appeals on the ground that "it lack[ed] an arguable basis in law or fact." *Green*, Dkt. #6. Plaintiff's appeal in *Monroe County Jail* was dismissed based on his failure to pay the docketing fee or to move for leave to proceed IFP. *Monroe County Jail*, Dkt. #7.

This Court's dismissal of *Green* and *Monroe County Jail* count as "strikes" under the plain language of § 1915(g), as does the Court of Appeals' dismissal of the appeal in *Green*. *See Chavis v. Chappius*, 618 F.3d 162, 167-69 (2d Cir. 2010); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); *Sonds v. Cuomo*, No. 11-CV-895, 2012 WL 952540, at *2 (N.D.N.Y. Feb. 3, 2012); *see, e.g.*, *Armstrong v. Brunsman*, No. 12-cv-132, 2012 WL 4107875, at *2 (S.D.Ohio Sept. 18, 2012) ("the two lawsuits that were dismissed on initial screening for failure to state a claim, and the unsuccessful appeal of one of those dismissals, each constitute separate 'strikes'").

In response to defendant's motion, plaintiff asserts in a declaration that he "was ignorant to the law and was never educated to take a bar exam," Dkt. #67, and that he therefore did not realize that he was supposed to list *all* of his previous lawsuits. Plaintiff is no stranger to the legal system, however, having filed eleven lawsuits in this district to date. In any event, plaintiff is clearly literate, and a plaintiff need not have gone to law school to understand what is meant by the form complaint's instruction to identify and describe other lawsuits that one has brought dealing with one's imprisonment. The form clearly states that the plaintiff should use additional sheets of paper, if necessary, as plaintiff did to lay out his factual allegations. He has not presented any credible reason why he failed to identify his other prior lawsuits in similar fashion.

"If a lawsuit is initiated IFP, but it later becomes clear that the plaintiff is barred by the three strikes rule, then the prior IFP determination is to be revoked and the suit must be dismissed until the plaintiff pays the filing fee (unless the prisoner is in imminent danger at the time of filing)." *Simmons v. Penny*, No. 12 Civ. 1607, 2013 WL 1316700 at *1 (S.D.N.Y. Apr. 1, 2013) (citing 28 U.S.C. § 1915(g), and *Harris v. City of New York*, 607 F.3d 18, 21-22 (2d Cir. 2010). *See*, *e.g.*, *Gssime*, 2013 WL 443852, at *2. In fact, Senior District Judge McAvoy of the Northern District of New York has done exactly that with respect to this plaintiff in an action that he brought in that district. *See Crenshaw v. LaClair*, 11-CV-0331 (N.D.N.Y. Aug. 11, 2011), a copy of which defendant has submitted in the case at bar. Dkt. #61-2 Ex. I. There is nothing before me to indicate that plaintiff is in any imminent physical danger, so in accordance with that general rule, the Court dismisses the complaint, as set forth in the Conclusion of this Decision and Order.[2]

---

[2]Plaintiff has moved for leave to amend his complaint to identify these prior actions. This belated attempt to save his complaint is denied. As stated, the proper remedy when a plaintiff who has been granted IFP status is found to have failed to identify prior lawsuits is to revoke IFP status and dismiss the complaint without prejudice. Allowing plaintiff to amend the complaint here would accomplish nothing, since the fact would remain that he has three strikes against him, which bars him from proceeding IFP in this action.

# CONCLUSION

Defendant's motion to dismiss (Dkt. #61) is granted.  Plaintiff's *in forma pauperis* status is hereby revoked.  The complaint is dismissed, without prejudice to plaintiff's refiling his claims within thirty (30) days of the date of issuance of this Decision and Order, upon plaintiff's payment of the applicable filing fees.

Plaintiff's motion for leave to file an amended complaint (Dkt. #64) is denied.  Plaintiff's motions to expunge his misbehavior report (Dkt. #36) and for summary judgment (Dkt. #62) are denied as moot.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 17, 2013.